UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHEL MACHTOUB MUNIZ GONCALVES (A#243-162-941),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-04179-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Brazil who entered the United States lawfully on a tourist visa on May 29, 2022. ECF No. 7 at 9, 10 (I-213 Form). He overstayed his tourist visa, which expired on November 28, 2022. ECF No. 7-1. An I-130 petition for a noncitizen relative was filed on Petitioner's behalf with U.S. Customs and Immigration Services ("USCIS") on October 22, 2025. ECF No. 11 at 15.

Petitioner was arrested on February 18, 2026 for two felony counts of making a written/electronic threat to kill or inflict bodily harm on another in Broward County, Florida.

ECF No. 1 at 7; ECF No. 7 at 19-20 (Rap Sheet). The victim was apparently Petitioner's wife. ECF No. 1 at 7. On March 3, 2026, no action was taken on this criminal charge so it did not result in a conviction. ECF No. 7 at 20.

Petitioner was transferred into the custody of Immigration and Customs Enforcement ("ICE") on February 21, 2026 and charged with being removable for overstaying his visa in violation of Section 237(A)(1)(B) of the Immigration and Nationality Act. See ECF No. 7 at 13 (Notice to Appear). On April 6, 2026, an immigration judge ("IJ") denied Petitioner release on bond after finding that he was a danger to the community "based on his two previous arrests." ECF No. 7 at 23 (IJ Order) Petitioner is currently detained at the Golden State Annex located in this judicial district.

In his § 2241 petition, Petitioner contends that his ongoing detention violates the Fifth Amendment due process clause. ECF No. 1 at 6. He does not challenge the IJ's bond denial. By way of relief, Petitioner requests immediate release.

Respondent asserts that the § 2241 petition should be denied because Petitioner has already received the individualized bond hearing to which Petitioner he is statutorily entitled pursuant to 8 U.S.C. § 1226(a). ECF No. 7. Additionally, to the extent that Petitioner challenges the IJ's bond denial, Respondent submits that the § 2241 petition should be dismissed without prejudice for failing to exhaust his administrative remedies. ECF No. 7 at 3. Petitioner did not appeal the IJ's bond denial to the Board of Immigration Appeals.

The Court appointed Petitioner counsel by order dated June 16, 2026. Counsel elected not to file an amended § 2241 application. ECF No. 8. According to a status report submitted on July 20, 2026, Petitioner's I-130 application was approved "and his immigration attorney intends to file a new bond request in immigration court[.]" ECF No. 15 at 1-2. A second status report indicates that an IJ denied Petitioner bond on August 17, 2026 after finding that there was no material change in circumstance to justify a custody redetermination hearing. ECF No. 18.

**II. Statutory Detention Authority**

Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for

removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ. 8 C.F.R. § 236.1(d)(1). For each subsequent bond redetermination, the noncitizen's request may be considered "only upon a showing that the [noncitizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The IJ's bond decision is appealable to the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.19(f).

**III. Analysis**

In this case, Respondent does not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Petitioner received the process to which he was entitled under that statute—namely, bond hearings before an IJ in April and August 2026. Therefore, Petitioner has already received the statutory relief to which he is entitled pursuant to § 1226(a). Petitioner has not identified a basis for the Court to order his immediate release pursuant to the Due Process Clause. Furthermore, Petitioner does not challenge the result of either bond proceeding despite being granted leave to amend to do so. For all these reasons, the undersigned recommends dismissing the § 2241 petition without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice because he has received the statutory bond hearing to which he is entitled.

2. The Clerk of Court be directed to enter judgment for respondents and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to

////

////

////

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE